629 A.2d 1051

**Francis L. McLAUGHLIN, Petitioner,**

**v.**

**STATE EMPLOYEES' RETIREMENT BOARD OF the COMMONWEALTH OF PENNSYLVANIA, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided July 27, 1993.

Matthew D. Carrafiello for petitioner.

David W. Speck, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Francis McLaughlin was employed as a liquor store wholesale clerk with the Pennsylvania Liquor Control board. McLaughlin's position involved not only paperwork but also lifting and moving cases of liquor (sometimes as heavy as 30 to 75 pounds) while stocking and unloading. On December 13, 1986, he suffered a heart attack, and on March 3, 1987 he had by-pass surgery. In May 1987, he applied for a disability annuity from the State Employees' Retirement System (SERS). Disability annuities are authorized by section 5308(c) of the State Employees' Retirement Code (Code).[1] McLaughlin was granted a temporary disability for one year, effective June 13, 1987, subject to subsequent reviews.

In July 1988 the State Employees' Retirement Board (board) discontinued McLaughlin's disability annuity as of July 1, 1988. McLaughlin requested and was granted an administrative hearing, after which a hearing examiner recommended to the board that the benefit be discontinued. The board again issued a decision discontinuing benefits as of July 1, 1988 and McLaughlin has appealed.

This Court's scope of review is to determine whether constitutional rights were violated, an error of law was committed or necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

1. 71 Pa.C.S. § 5308(c).

McLaughlin argues that (1) the board erred in agreeing with the hearing examiner that the medical documentation submitted by McLaughlin did not support a finding of continued disability; (2) the board failed to make findings concerning medical reports and assessments submitted on behalf of McLaughlin; (3) the SERS had the burden to prove that McLaughlin could perform his previous duties and that the Board erroneously placed that burden on McLaughlin; and (4) the board failed to consider decisions of the Department of General Services and of the Social Security Administration on McLaughlin's claims there in making its decision.

■ We begin our analysis with a consideration of the burden of proof, for it is clear that the hearing examiner [2] and the board, by agreeing with the "reasoning" of the hearing examiner, placed the burden of proof of continuing disability on McLaughlin. In *Cutshall v. Public School Employees' Retirement Board,* 70 Pa.Commonwealth Ct. 146, 452 A.2d 622 (1982), this Court held that once a disability pension is granted and the board seeks to terminate that disability pension, it has the burden of proof and must show that the disability is ended. In *Cutshall* at 151–152, 452 A.2d at 624, this Court said

> The hearing examiner also concluded that Mr. Cutshall had the burden of proving that he remained disabled. This was error. The Retirement Board found Mr. Cutshall to be incapable of performing his teaching duties in 1975. That determination established the then existence of a condition of disability and gave rise to a presumption that the condition continued until the contrary was shown or established by the evidence.

In its brief, SERS points out that that the relevant provision of the Public School Employees' Retirement Code cited in *Cutshall,* 24 Pa.C.S. § 8505(c), and the parallel provision in the State Employees' Retirement Code, 71 Pa.C.S. § 5905(c), were amended in 1985. The old language stated that the

**2.** The hearing examiner in his conclusion of law number one states "claimant has the burden of establishing that he continues to be mentally or physically incapable of performing the duties for which he was employed."

board's medical examiner was to conduct an examination of the applicant and make a recommendation as to continuance of disability based on that medical examination. The new language states that the medical examiner is to make a recommendation based on "a review of subsequent medical reports submitted with an application for continuance of disability ..." SERS argues that, under this language, the burden is now on the applicant to submit supporting medical reports with his application, the board is no longer required to make its own examination of the applicant and, therefore, the burden of proof is now upon the claimant to prove continuing disability.

We do not agree that this statutory change supports the conclusion that the burden of proof has now been shifted to the applicant. In view of our decision in *Cutshall*, which clearly held that, once the board had granted a disability pension, the burden was on the board to prove that the disability no longer existed, the legislature certainly could have specifically said that the burden of proof was shifted. It did not. This Court will not depart from the conclusion in *Cutshall* merely because the legislature amended the statute to eliminate the requirement that the board's medical examiner perform a physical every six months.

In addition to this reasoning, section 5905(c) of the State Employees Retirement Code, 71 Pa.C.S. § 5905(c), provides support for the conclusion that SERS has the burden to prove that an employee is no longer disabled once he has been granted a disability pension. This section provides in part:

(c) Disability annuities.

In every case where the board has received an application for a disability annuity based upon physical or mental incapacity for the performance of the job for which the member is employed, *taking into account relevant decisions by the Pennsylvania Workmen's Compensation board,* the board shall ... [review applications and make a determination of disability, non-disability, or non-service connected disability] (emphasis added.)

This language supports the conclusion that when a disability has initially been established, the burden in any termination proceeding, like that in workers compensation proceedings, is on the party alleging that the disability has ceased. *See, e.g., Pettigrew v. Workmen's Compensation Appeal Board (Yarway Co.)*, 139 Pa.Commonwealth Ct. 488, 590 A.2d 1364 *petition for allowance of appeal denied,* 529 Pa. 654, 602 A.2d 863 (1991); *County of Dauphin v. Workmen's Compensation Appeal Board (Davis),* 136 Pa.Commonwealth Ct. 140, 582 A.2d 434, *petition for allowance of appeal denied,* 528 Pa. 614, 596 A.2d 160 (1990).

Because the hearing examiner and the Board made an error of law regarding the burden of proof, we vacate and remand for a new hearing.

### *ORDER* ·

AND NOW, this 27th day of July 1993, it is hereby ordered that the decision of the State Employees' Retirement Board in the above-captioned matter is vacated and the case is remanded for a new hearing.

Jurisdiction relinquished.

KELLEY, Judge, dissenting.

I respectfully dissent.

In *Cutshall v. Public School Employees' Retirement Board,* 70 Pa.Commonwealth Ct. 146, 452 A.2d 622 (1982), this court held that the Public School Employes' Retirement Board bore the burden of proving that a teacher who had previously been found to be disabled was no longer disabled. The relevant provision of the Public School Employees' Retirement Code cited in *Cutshall,* 24 Pa.C.S. § 8505(c), and the parallel provision in the State Employees' Retirement Code, 71 Pa.C.S. § 5905(c), were amended in 1985. As the majority points out, the old language stated that the board's medical examiner was to conduct an examination of the applicant and make a recommendation as to continuance of disability based on that medical examination. The new language states that the medical

examiner is to make a recommendation based on "a review of subsequent medical reports submitted with an application for continuance of disability ...".

The majority concludes that the burden of proof remains on the board because the legislature did not specifically state that the burden of proof was shifted when it amended the statute. I fail to see how the burden can remain with the board when, under the new statutory language, the board's medical examiner makes his or her recommendation based on medical reports submitted by the applicant. It is the applicant's burden to produce medical reports which support a finding of continued disability, even though the statute does not use the phrase "burden of proof". If the applicant does not submit medical reports which support a finding of continued disability, the medical examiner cannot recommend to the board that it should make such a finding. Yet the majority would leave the burden on the board in such a situation. Presumably, if the applicant produced no evidence at all with his application, the majority would expect the board to go beyond its current statutory authorization and make an examination of the applicant in order to produce evidence to meet its burden of proof.

In support of its conclusion, the majority also cites section 5905(c) of the State Employee's Retirement Code, 71 Pa.C.S. § 5905(c), which instructs the board to consider relevant decisions of the Workmen's Compensation Appeal Board in determining whether a disability exists. The majority then concludes that because in a workmen's compensation proceeding the burden is on the party alleging that a disability has ceased, this section supports the conclusion that the burden of proof is on the board. My reading of section 5905 is that the board should consider workmen's compensation decisions to help it address the substantive question of whether a disability exists, not to determine procedural questions such as which party has the burden of proof. I therefore believe the board correctly put the burden on McLaughlin in making its decision.[1]

---

1. I must also note that by remanding for a new hearing, the majority gives McLaughlin an opportunity to strengthen the evidence he provid-

Because I believe the board applied the correct burden of proof in making its decision, I will address the remainder of McLaughlin's arguments which the majority did not reach. The heading of the first argument in McLaughlin's brief states that the board erred in agreeing with the results and reasoning of the hearing examiner that the medical documentation submitted by McLaughlin did not support a finding of continued disability. However the main thrust of the argument under this heading is an attack on the credibility of the board's medical examiner, Dr. Goldman. McLaughlin argues that Dr. Goldman's testimony was equivocal. It is of course irrelevant whether Dr. Goldman's testimony was equivocal if McLaughlin did not submit any evidence which supported his allegation of continuing disability. McLaughlin does not cite any medical evidence which would support a finding of continued disability as of July 1, 1988. I have also examined Dr. Goldman's testimony and do not find it to be equivocal. McLaughlin cites the following passage as evidence of the equivocal nature of Dr. Goldman's testimony:

> We still do not have any echo cardiograms or gaited heart scans or anything to show the severity of the myocardial infarction that Mr. McLaughlin sustained at that time. There is just fleeting mention that there was a heart attack. That I can see by the EKG that there is an old scar in the inferior wall of the heart, which is quite clear, but you can't go by at [sic] as to the severity of the infarct, or how much damage there is. We don't have the hospital records and we don't have any statements from the physician stating the percentage of loss of function, the percentage of function of the heart as far as how well it beats. None of this information has been received. I don't know that it's even been done, but if it has been we have not gotten it.

Reproduced Record at 73a. Far from showing the equivocal nature of Dr. Goldman's testimony, this passage instead highlights the deficiencies in the medical evidence presented by

ed at the first hearing. There is no basis in law for giving him this "second bite at the apple". At most, the majority should remand with instructions that the board issue a new decision after considering the evidence in light of the proper burden of proof.

McLaughlin to the board. Dr. Goldman was performing the function he was assigned by statute of reviewing the medical reports submitted by McLaughlin and he determined that those reports did not indicate that McLaughlin was disabled from performing his former job. As McLaughlin does not point to anything which refutes that determination, I conclude that the board did not err in concluding that McLaughlin's medical evidence did not support a finding of continued disability.

McLaughlin next argues that the board erred in not making a specific finding about each medical report which he submitted into evidence. McLaughlin cites no authority for the proposition that the board is required to make a finding about each and every piece of medical evidence and I would decline to impose such a requirement. In any event, my review of the board's findings reveals that the board did in fact discuss McLaughlin's medical reports in its findings. The only documents not mentioned by the board are two checklists of activities which McLaughlin can and cannot do. These checklists are undated and therefore are of no value in determining McLaughlin's condition as of July 1, 1988.

Finally, McLaughlin argues that the board erred in failing to consider other agency decisions in making its decision. After the close of the record, McLaughlin attempted to introduce decisions of the state Department of General Services and the federal Social Security Administration, both of which allegedly granted McLaughlin disability status. The board refused to admit the decisions and did not consider them. McLaughlin argues that the decisions should have been admitted because of their "probative value." McLaughlin does not make a collateral estoppel argument and, again, he does not cite any authority in support of his argument. Under these circumstances, I would conclude that the board did not err in refusing to admit the decisions.

For the foregoing reasons, I would affirm the board's order.